The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PASTOR MARK MILLER, and the BURIEN FREE METHODIST CHURCH, also known as the OASIS HOME CHURCH,

Plaintiffs,

v.

CITY OF BURIEN, a municipal corporation; JEFFREY D. WATSON, Planning Representative for the City of Burien, and JOSEPH STAPLETON, Building Representative for the City of Burien,

Defendants.

Case No. 2:24-cv-1301-BJR

**ORDER DENYING MOTION FOR RECONSIDERATION**

## I.  INTRODUCTION

Plaintiffs Pastor Mark Miller and the Burien Free Methodist Church, also known as Oasis Home Church (collectively, "the Church") brought this action against Defendants the City of Burien, Jeffrey D. Watson, and Joseph Stapleton (collectively, "Burien" or "the City"). The Church sought a declaratory judgment that the City is barred from requiring it to apply for and obtain a temporary use permit before hosting a homeless encampment on its property because doing so violates the Church's state and federal constitutional rights, as well as its statutory rights under the Religious Land Use and

ORDER DENYING MOTION FOR RECONSIDERATION

- 1

Institutionalized Persons Act ("RLUIPA") and RCW 35A.21.360. On February 3, 2025, this Court granted Defendants' motion to dismiss the Church's lawsuit. Dkt. No. 19.

Currently before the Court is the Church's motion for reconsideration, which Defendants oppose.[1] Dkt. Nos. 21 and 26. Having reviewed the motion, opposition thereto, the record of the case, and the relevant legal authority, the Court will deny the motion for reconsideration. The reasoning for the Court's decision follows.

## II.     BACKGROUND

The factual background of this case is set forth in detail in the February 3, 2025 order granting Defendant's motion to dismiss and will not be repeated here. Suffice to say, the Church and the City disagree as to whether the City can require the Church to apply for a temporary use permit before hosting an homeless encampment for 100 individuals in its parking lot. The Church filed this lawsuit seeking a declaratory judgment that the City is barred from requiring the Church to apply for and obtain the permit before hosting the encampment on its property because doing so violates the Church's state and federal constitutional rights, as well as its state and federal statutory rights. Specifically, The Church brought the following claims: (1) deprivation of its right to the free exercise of religion under the First and Fourteenth Amendments of the United States constitution; (2) violation of its due process rights under the First and Fourteenth Amendments of the United States constitution; (3) violation of its rights under RLUIPA; (4) deprivation of its right to freedom from prior restraint under Article 1 of the Washington constitution; (5) deprivation of its right to free exercise of religion under Article 1 of the Washington constitution; (6) violation of its rights under Article 11 of the Washington constitution to be free from local ordinances that conflict with state statutes; and (7) violation of its statutory rights under RCW 35.21.360.

---

[1] The Court directed Defendants to response to the motion per W.D. Wash. Local Rule 7(h)(1), *See* Dkt. No. 22.

ORDER DENYING MOTION FOR RECONSIDERATION

- 2

The City moved to dismiss each of the Church's claims pursuant to Federal Rule 12(b)(6). In its opposition to the motion to dismiss, the Church only presented arguments as to the RLUIPA claim, as well as the First Amendment Free Speech and Free Exercise Clauses claims. This Court granted the motion to dismiss as to those claims and determined that the Church waived its remaining claims. The Church filed the instant motion for reconsideration and filed a notice of appeal to the Ninth Circuit. Dkt. Nos. 21 and 23.

### III. LEGAL STANDARD

Motions for reconsideration are governed by Local Rule CR 7(h):

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rules W.D. Wash. LCR 7(h)(1). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). "Mere disagreement with a previous order is an insufficient basis for reconsideration." *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005).

### IV. DISCUSSION

The Church raises the following objections to this Court's order granting the motion to dismiss. First, it expends a great deal of energy arguing that this Court incorrectly determined that its RLUIPA claim failed because the Church did not exhaust its administrative remedies under

ORDER DENYING MOTION FOR RECONSIDERATION

- 3

Washington's Land Use Petition Act ("LUPA"). This Court made no such determination. Rather, in a footnote, this Court simply noted that the Church appeared to be attempting to assert an adverse land use claim for the first time in its opposition to the motion to dismiss. *See* Dkt. No. 19 at 5, n. 1. This Court pointed out that the Church had not asserted such a claim in its amended complaint and, even if it had, the claim would be barred by LUPA. Thus, the Court concluded that any attempt by the Church to assert an adverse land use claim was barred; this determination was separate and apart from the RLUIPA analysis.

Next, the Church argues that despite refusing to submit a permit application, it did supply all of the information needed for the application to the City so the City could have simply granted or denied the permit based on the information provided. This argument borders on frivolousness; it certainly is not the basis for reconsideration.

The remainder of the Church's objections to this Court's ruling either rehash arguments the Church already made or misinterpret this Court's decision. Simply put, the Church has not met its heavy burden for reconsideration. It raises no newly issued legal authority or newly developed factual evidence. It simply reargues issues that were thoroughly briefed and considered by the Court when it granted the City's motion to dismiss. While the Church believes this Court erred in reaching its decision, it has not established manifest error. Disagreement with the Court's conclusion is not a sufficient basis upon which to grant a motion for reconsideration. Thus, the motion for reconsideration is denied.[2]

---

[2] The Church asks for leave to amend its complaint in the event this Court denies its motion for reconsideration. The Court notes that the Church did not request leave in its opposition to the motion to dismiss and finds that the request to do so now is too late, particularly since the Church has already appealed this matter to the Ninth Circuit. *See* Dkt. No. 23.

ORDER DENYING MOTION FOR RECONSIDERATION

- 4

V.   CONCLUSION

For the foregoing reasons, the Court DENIES the motion for reconsideration.

DATED this April 23, 2025.

                                                 */s/ Barbara J. Rothstein*
                                                 Barbara Jacobs Rothstein
                                                 U.S. District Court Judge

ORDER DENYING MOTION FOR RECONSIDERATION

- 5